IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:06-cr-085-L (BT) |
| | § | |
| VERNON COOKS, JR. | § | |
| AKA JIBREEL RASHAD | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this criminal case are Defendant's motion for time served (ECF No. 231) and two motions for habeas corpus relief (ECF Nos. 233, 234). By his motions, Defendant asks the Court to order the Bureau of Prisons ("BOP") to grant him good-time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and to release him to a halfway house or home confinement for the remainder of his sentence. For the following reasons, Defendant's motions should be construed as a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 and dismissed without prejudice as premature.

I.

As a general matter, petitioners seeking relief under § 2241 must exhaust their administrative remedies prior to presenting their claims in federal court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Even assuming Defendant has exhausted his administrative remedies, he is not entitled to § 2241 relief. Section 102(b)(1) of the First Step Act ("Act"), Public Law No. 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each

1

year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010). This provision, however, has yet to take effect—and will not take effect until the Attorney General completes the "risk and needs assessment system" within 210 days after the Act's enactment, as required by Section 101(a) of the Act. *See Grossman v. Underwood*, No. 3:19-cv-351-G (BK) (N.D. Tex. Apr. 1, 2019) (denying habeas relief because Section 102(b)(1) will not take effect until July 2019) (citing *Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *2 (E.D. Ky Feb. 20, 2019)). Defendant's petition is therefore premature and should be dismissed.

## II.

Defendant's motions should be construed as a habeas petition brought under 28 U.S.C. § 2241, and the petition should be dismissed without prejudice as premature.

The District Clerk's Office should be directed to open a new civil action and file Defendant's motions (ECF Nos. 231, 233, 234) in that action (nature of suit 530), with direct assignment to District Judge Lindsay and Magistrate Judge Rutherford for statistical purposes, and that the Clerk's Office be directed to terminate the motions (ECF Nos. 231, 233, 234) in this criminal case.

Signed May 1, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).